Paul L. More, SBN 9628
Sarah Varela, SBN 12886
Kim Weber, SBN 14434
**McCRACKEN, STEMERMAN & HOLSBERRY, LLP**
1630 South Commerce Street, Suite 1-A
Las Vegas, NV 89102
Tel: (702)386-5107
Fax: (702)386-9848
E-mail:  pmore@msh.law

*Attorneys for Plaintiff Local Joint Executive Board*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS,<br><br>        Plaintiff,<br><br>v.<br><br>HARRAH'S LAS VEGAS LLC; THE SIGNATURE CONDOMINIUMS LLC; BELLAGIO LLC,<br><br>        Defendants. | CASE NO. 2:20-cv-01221<br><br>JUDGE: Hon. Richard F. Boulware, II<br><br>**RESPONE AND NON-OPPOSTION TO DEFENDANTS SIGANTURES' AND BELLAGIO'S MOTION TO SEVER** |

   The Local Joint Executive Board ("Joint Board") hereby responds to the Motion to Sever brought by Defendant Signature Condominiums LLC ("Signature") and Defendant Bellagio LLC ("Bellagio"), (collectively, the "MGM Defendants"). (MGM Defs.'s Mot. to Sever, ECF No. 5.) Because the factual circumstances at the properties owned by the MGM Defendants have diverged from the circumstances for employees of the third defendant, Harrah's Las Vegas ("Harrah's"), the Joint Board does not oppose Defendants Signature's and Bellagio's Motion to Sever.

   The Joint Board has sought injunctive relief under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and relief under Nevada's statutory nuisance under Nevada law. (ECF

1

No. 1.) The complaint describes in detail how Defendants' responses to instances of positive COVID-19 tests among employees have departed radically from the baseline guidelines issued by federal and state public-health authorities. These procedures have failed to provide a reasonably safe workplace for the Joint Board's members. Specifically, all Defendants have required Joint Board members work (1) without designated point-persons for COVID-19 concerns who are trained on accurate protocols for reporting, quarantine and isolation; (2) without conducting deep cleaning of potentially infected work areas; (3) without informing co-workers of their potential exposure to the virus or adequate contact tracing in the case of positive COVID cases; and (4) under pressure from managers or security to continue working despite risks to workers' health. (Compl., ECF No. 1, ¶ 88.)

The Joint Board filed its complaint against three defendants: Signature, Bellagio and Harrah's. This decision to combine the claims was based on Rule 20(a)(2)(B) and the interests of convenience and judicial economy. Namely, the Joint Board has collective bargaining agreements with each Defendant and those agreements each have identical or very similar terms, so the interpretation of those agreements under a reverse *Boys Market* theory presents common questions of law. (Compl., ECF No. 1, ¶¶ 5, 86-91.) Additionally, the COVID-19 pandemic affected all parties and impacted hotel-casino workers' and their families in similar ways.  (Compl., ECF No. 1, ¶¶ 2-4, 14-28, 93-97.)  Thus, the questions of law and fact for the first and second causes of action appeared to be nearly identical at the time of filing.

COVID-19, and the parties' responses to the pandemic, have not been static since the Plaintiff filed its Complaint. As the facts continue to develop, the Joint Board recognizes that the questions of fact—and the application of the law to those facts—have diverged. Since the lawsuit was filed, the Joint Board has been able to schedule expedited arbitration with Defendants Signature and Bellagio for July 21-24, 2020. (MGM Defendants' 2d Mot. to Dismiss, ECF No. 7 at p. 7.) Assuming the arbitration hearing is indeed held, the Joint Board will be able to address the collective-bargaining violations described in the complaint. Meanwhile, the facts continue to develop at Defendant Harrah's property, necessitating an Amended Complaint.

Due to these evolving factual scenarios, combining the case may no longer serve the interests of judicial economy. On that basis, the Joint Board does not oppose Defendants Signature's and Bellagio's

2

motion to sever.

The Joint Board vigorously objects, however, to the MGM Defendants' suggestion that it be dismissed from the case based on the permissive joinder of the MGM Defendants and Harrah's. As long as the dangers of COVID-19 continue unaddressed, the Joint Board will zealously seek protections for its members.  Unless the arbitration hearing proceeds, it will remain the case that "issuance of an injunction would be warranted under ordinary principles of equity." *Newspaper & Periodical Drivers' & Helpers' Union, Local 921 v. San Francisco Newspaper Agency*, 89 F.3d 629, 632 (9th Cir. 1996); *see also* Labor Management Relations Act Section 301, 29 U.S.C. § 185. So-named reverse *Boys Market* injunctions are available when an arbitral remedy would be "difficult" to impose and the union would suffer greater harm than the employer. *Id.* at 635. That describes the situation that the Joint Board and its members must face until Defendants practice what they preach and ensure that appropriate COVID-19 protocols are followed.

Similarly, Nevada law guarantees that "[a]nything which is injurious to health . . . *or* an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life *or* property" constitutes an actionable nuisance. NRS 40.140. Joint Board members, who serve the Defendants' clientele and constitute the rock foundation of Vegas' hospitality industry, should not be forced to bring injurious hazards home to their families and communities. Our communities must be able to function without the discomforting fear of illness. Dismissing any Defendant while the risks remain would be premature.

While the Joint Board does not oppose the request to sever the claims against the MGM Defendants from the claims against Harrah's, the appropriate response is severing the case into two. The Court has the authority to sever the parties "at any stage of the action and on such terms as are just." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004). The proper remedy when joinder of the parties does not promote judicial economy is not to dismiss the Complaint or to drop a party against whom the Plaintiff has a colorable claim. Rather, the proper remedy is to sever the claims against the parties into separate suits so that the Court may tailor decisions for the parties' respective legal issues. *See, e.g.*, *Greene*, 344 F. Supp. 2d at 685-86 (severing claims of 2 defendants); *Spaeth v. Michigan State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 56 (D.D.C. 2012) (severing claims against 4 defendants

1 into 4 separate cases); *Gruening v. Sucic*, 89 F.R.D. 573, 575 (E.D. Pa. 1981) (severing claims of 3 defendants into 2 lawsuits).

In sum, the Joint Board joins the MGM Defendant's request to sever the case against the MGM Defendants from the case against Harrah's.  The Joint Board respectfully asks the Court to sever the claims into two cases. The Complaint against the MGM Defendants remains the same as of the filing of this Response. Consistent with Federal Rule of Civil Procedure 15(a)(1)(A), the Joint Board will file an amended complaint against Defendant Harrah's.

Dated: July 13, 2020                                  Respectfully Submitted,


**McCRACKEN, STEMERMAN & HOLSBERRY, LLP.**


___*/s/ Kimberley C. Weber*_____
Paul L. More, SBN 9628
Sarah Varela, SBN 12886
Kim Weber, SBN 14434
**McCRACKEN, STEMERMAN & HOLSBERRY, LLP**
1630 South Commerce Street, Suite 1-A
Las Vegas, NV 89102
Tel: (702)386-5107
Fax: (702)386-9848
E-mail:  pmore@msh.law


*Attorneys for Plaintiff Local Joint Executive Board*

# CERTIFICATE OF SERVICE

I certify that on this 13th day of July 2020, I electronically **RESPONE AND NON-OPPOSTION TO DEFENDANTS SIGANTURES' AND BELLAGIO'S MOTION TO SEVER** with the Clerk of the Court using the ECF system which served the parties hereto electronically and by regular U.S. mail upon the parties not registered with the electronic system.

>Harrah's Las Vegas, LLC
>112 North Curry Street
>Carson City, NV, 89703

>Harrah's Las Vegas
>3475 Las Vegas Blvd.,
>South Las Vegas, NV 89109

Executed this 13th Day of July, 2020                 _____
                                                                                  Marcie Boyle