PAUL T. TRIMMER
Nevada Bar No. 9291
JOSHUA A. SLIKER
Nevada Bar No. 12493
LYNNE K. MCCHRYSTAL
Nevada State Bar No. 14739
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: paul.trimmer@jacksonlewis.com
          joshua.sliker@jacksonlewis.com
          lynne.mcchrystal@jacksonlewis.com

*Attorneys for Defendants*
*The Signature Condominiums, LLC, and*
*Bellagio, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS,<br><br>                    Plaintiff,<br><br>            vs.<br><br>HARRAH'S LAS VEGAS, LLC; THE SIGNATURE CONDOMINIUMS, LLC; BELLAGIO, LLC,<br><br>                    Defendants. | Case No.: 2:20-cv-01221-RFB-NJK<br><br>**DEFENDANTS' THE SIGNATURE CONDOMINIUMS, LLC'S AND BELLAGIO, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE SEVER CASE (ECF No. 5)** |

Defendants The Signature Condominiums, LLC ("Signature") and Bellagio, LLC ("Bellagio") (collectively, "Defendants"), by and through their attorneys, Jackson Lewis P.C., hereby submit the instant Reply in Support of their Motion to Dismiss Plaintiff's claims. This Reply is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument the Court deems proper.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In its Response and Non-Opposition, Plaintiff effectively concedes that its joinder of Bellagio and Signature with Defendant Harrah's was improper and as a result, Plaintiff "joins [Bellagio and Signature's] request to server" the claims against Bellagio and Signature from those asserted against Defendant Harrah's.  ECF No. 11, 3:19-26, 4:3-3.  Indeed, Plaintiff's Non-Opposition is nothing less than an acknowledgment that the lawsuit was defective at its inception.  Plaintiff was fully cognizant before and after it filed the Complaint that each defendant has a separate collective bargaining agreement with Plaintiff, that Bellagio and Signature have no relationship (ownership, corporate or otherwise) with Harrah's, and that the acts complained of by Plaintiff involve different dates, locations, people, policies, and circumstances. These facts alone plainly demonstrate that lumping all three Defendants together in one suit was improper. *See DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (holding misjoinder of defendants occurred where plaintiff alleged "that many individuals have wronged it in the same way, but in separate transactions or occurrences."). Plaintiff's post hoc attempt to save face to justify its plainly inappropriate pleading practice warrants no consideration.

Next, Plaintiff "vigorously objects" to the dismissal of Bellagio and Signature from the instant case. *Id.* at 3:2-3.  This vigorous objection has no merit.  Granting Plaintiff's request would require the Court to issue a decision which would be inconsistent with the weight of authority.  In the District of Nevada, "[w]here parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice." *Anderson*, 2017 U.S. Dist. LEXIS 162219, at *6 (quoting *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014); *Fed. Hous. Fin. Agency v. Las Vegas Dev. Grp., LLC*, No. 2:16-cv-1187-GMN-CWH, 2017 U.S. Dist. LEXIS 146457, at *3 (D. Nev. Sep. 11, 2017) (same).  The dismissal is without prejudice.  *See Anderson v. Valenzuela*, No. 2:17-cv-02070-APG-NJK, 2017 U.S. Dist. LEXIS 162219, at *6 (D. Nev. Oct. 2, 2017) (dismissal is without prejudice).  It is a procedural mechanism which permits the Court to achieve separateness and ensure a clean record. *See United*

*States v. Katz*, 494 F. Supp. 2d 645, 649 (S.D. Ohio 2006) (noting that "proceeding with essentially two separate lawsuits under the same case number would, at a minimum, be quite confusing.").

The three cases cited in Plaintiff's Non-Opposition do not support its position. None of them stand for the proposition that dismissal without prejudice is improper. In *Greene v. Wyeth*, the court severed claims against two defendants and remanded them to state court. 344 F. Supp. 2d 674, 685 (D. Nev. 2004). The *Greene* court did not (and could not) address what happened to the severed claims in the state court as it had no jurisdiction to do so. The remaining two cases cited by Plaintiff are non-binding authorities from outside the Ninth Circuit. In *Spaeth v. Mich. State Univ. Coll. of Law*, the court severed claims against four defendants, opened four new case numbers, and transferred the newly created cases to the home districts of each of the severed defendants. 845 F. Supp. 2d 48, 61 (D.D.C. 2012). The court's decision was merely in accordance with the U.S. District Court, District of Columbia's practice related to severance. *Id.* at 57 n.13 ("'[S]everance of claims under Rule 21 results in the creation of separate actions.'"). In *Gruening v. Sucic*, the court stated that it granted the defendants' motion for severance without elaborating how that was to be procedurally accomplished. 89 F.R.D. 573, 575 (E.D. Pa. 1981).

The procedure for improper complaints is well established. *See, e.g., Anderson,* 2017 U.S. Dist. LEXIS 162219 at *6. When a plaintiff's claims against one or more defendants are severed, the court dismisses the severed defendants so the plaintiff can open a new case by filing a complaint containing the claims against the severed defendants. That is the practice that should be followed here. Plaintiff's claims against Bellagio and Signature should be dismissed without prejudice. Plaintiff can then open a new case by filing a complaint that names Bellagio and Signature and contains only the facts and claims germane to them. Plaintiff's claims against Harrah's, the defendant that Plaintiff chose to name first, will continue in this case.

///
///
///
///

## CONCLUSION

Based on the foregoing, Bellagio and Signature respectfully request that the Court grant their Motion to Dismiss and dismiss them without prejudice from the instant case.

DATED this 20th day of July, 2020.

        JACKSON LEWIS P.C.

        /s/ *Joshua A. Sliker*
        PAUL T. TRIMMER
        Nevada Bar No. 9291
        JOSHUA A. SLIKER
        Nevada Bar No. 12493
        LYNNE K. MCCHRYSTAL
        Nevada State Bar No. 14739
        300 S. Fourth Street, Ste. 900
        Las Vegas, Nevada 89101

        *Attorneys for Defendants*
        *The Signature Condominiums, LLC, and*
        *Bellagio, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 20th day of July, 2020, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the foregoing **DEFENDANTS' THE SIGNATURE CONDOMINIUMS, LLC'S AND BELLAGIO, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE SEVER CASE (ECF No. 5)** properly addressed to the following:

Paul L. More, SBN 9628
Sarah Varela, SBN 12886
Kim Weber, SBN 14434
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
1630 South Commerce Street, Suite 1-A
Las Vegas, NV 89102
Tel: (702)386-5107
Fax: (702)386-9848
E-mail: pmore@msh.law

*Attorneys for Plaintiff*

      */s/ Mayela McAruthur*
Employee of Jackson Lewis P.C.

4814-0882-6563, v. 1