Paul L. More, SBN 9628
Sarah Varela, SBN 12886
Kim Weber, SBN 14434
**McCRACKEN, STEMERMAN & HOLSBERRY, LLP**
1630 South Commerce Street, Suite 1-A
Las Vegas, NV 89102
Tel: (702)386-5107
Fax: (702)386-9848
E-mail:  pmore@msh.law

*Attorneys for Plaintiff Local Joint Executive Board*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS<br><br>    Plaintiff,<br><br>v.<br><br>HARRAH'S LAS VEGAS LLC; THE SIGNATURE CONDOMINIUMS LLC; BELLAGIO LLC,<br><br>    Defendants. | CASE NO. 2:20-cv-01221<br><br>JUDGE: Hon. Richard F. Boulware, II<br><br>**RESPONSE TO DEFENDANTS SIGNATURES' AND BELLAGIO'S MOTION TO SEVER** |

The Local Joint Executive Board ("Joint Board") hereby responds to the Second Motion to Dismiss brought by Defendant Signature Condominiums LLC ("Signature") and Defendant Bellagio LLC ("Bellagio"), (collectively, the "MGM Defendants"). (MGM Defs.'s 2d Mot. to Dismiss, ECF No. 7.) Because the Joint Board has voluntarily dismissed the lawsuit against Defendants Bellagio and Signature and MGM Defendants have agreed to expedited arbitration over the issues raised in the federal claims of this lawsuit, the MGM Defendants' Motion to Dismiss is moot while its claim for fees is meritless.

///

1. **The Motion to Dismiss MGM Defendants is Moot**.

Based on the agreement to hold expedited arbitration between the Joint Board and the MGM Defendants, the Joint Board has voluntarily dismissed the claims against the MGM Defendants and has dismissed the MGM Defendants from this Action. (ECF No. 12.) By way of the arbitration hearing, the Joint Board will be able to address the collective-bargaining violations described in the Complaint in the first Cause of Action. The second Cause of Action contains only a state-law claim, so the Joint Board has voluntarily dismissed the MGM Defendants this lawsuit. This renders the MGM Defendants' Second Motion to Dismiss moot.

Furthermore, the MGM Defendants' Second Motion to Dismiss is improper under the Federal Rules of Civil Procedure and binding court precedent. The Motion to Dismiss is based on disputed facts that are far outside the four-corners of the Complaint or the documents incorporated therein. (E.g. MGM Defs.'s 2d Mot. to Dismiss, ECF No. 7, pp. 6-8, 12, 18-19 & Exs. 3, 6-13.) "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448-49 (9th Cir. 2006) (holding it inappropriate to consider letters that were written after the complaint was filed in a motion to dismiss). While this Motion was improper, it is now moot.

2. **The MGM Defendants' Request for Fees and Costs is Improper**.

The MGM Defendants' request for fees and costs, (MGM Defs.'s 2d Mot. to Dismiss, ECF No. 7, pp. 21-22), has no basis in the law or in the facts of this case.

The facts of this case do not warrant fees for MGM Defendants. Through this case, the Joint Board sought interim protections for workers' health and safety while the parties waited for an arbitration hearing date and decision. (Compl., ECF No. 1, ¶¶ 5, 88, 90-91.) Spurred by this lawsuit, the Joint Board and MGM Defendants were able to agree to an expedited arbitration hearing procedure within a month of the Complaint's filing date. (MGM Defs.'s 2d Mot. to Dismiss, ECF No. 7, p. 7 & Ex. 8.) The Joint Board waited to voluntarily dismiss the lawsuit until it was confident that the expedited arbitration would proceed and that the MGM Defendants would comply with the collective-bargaining agreement's procedures and demands. (ECF No. 12.) Such prompt redress is a victory for workers' rights regardless of the Arbitrator's final decision.

The cases that the MGM Defendants cite in support of its request are inapposite. Those cases each discuss a party's refusal to arbitrate a dispute despite clear provisions in the collective-bargaining agreement. (MGM Defs.'s 2d Mot. to Dismiss, ECF No. 7, p. 22.) The opposite is true here: the Joint Board desired prompt arbitration and got it. This litigation was in support of the parties' arbitration obligation, not a circumvention of it. For that reason, the line of cases cited by MGM Defendants has no application to the present matter.

Moreover, no other law supports MGM Defendants' request for fees and costs. Notably, the parties' collective-bargaining agreements do not provide for an award of fees in contract disputes. The MGM Defendants make no representation otherwise.

Nor can MGM Defendants' claim that Rule 11, the traditional method for seeking fees and costs, is available to them. First, MGM Defendants would have to prove that the Complaint is frivolous, which it is not. MGM Defendants have never successfully contended that the lawsuit's claims are frivolous, rather MGM Defendants has admitted that the claims are arbitrable. (MGM Defs.'s 2d Mot. to Dismiss, ECF No. 7, p. 7 & Exs. 7-8.) Second, MGM Defendants failed to comply with Rule 11's safe-harbor provision which "requires parties filing such motions to give the opposing party 21 days first to 'withdraw or otherwise correct' the offending paper." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). The Ninth Circuit "enforce[s] this safe harbor provision strictly" and will "reverse the award of sanctions when the challenging party failed to comply with the safe harbor provisions." *Id.* (citations omitted). The MGM Defendants have wholly failed to comply with this rule.

**3. Conclusion**

Because the Joint Board and the MGM Defendants have agreed to expedited arbitration over the issues raised in the federal claims of this lawsuit, the MGM Defendants' Motion to Dismiss is moot and its claim for fees is meritless.

///

///

///

///

///

1 | Dated: July 21, 2020          Respectfully Submitted,

**McCRACKEN, STEMERMAN & HOLSBERRY, LLP.**

*/s/ KW/*

Paul L. More, SBN 9628
Sarah Varela, SBN 12886
Kim Weber, SBN 14434
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
1630 South Commerce Street, Suite 1-A
Las Vegas, NV 89102
Tel: (702)386-5107
Fax: (702)386-9848
E-mail: pmore@msh.law

*Attorneys for Plaintiff Local Joint Executive Board*

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of July 2020, I electronically filed *RESPONSE TO DEFENDANTS SIGNATURES' AND BELLAGIO'S MOTION TO SEVER* with the Clerk of the Court using the ECF system which served the parties hereto electronically.

| | |
|---|---|
| Paul T. Trimmer | *trimmerp@jacksonlewis.com* |
| Lynne K. McChrystal | *Lynne.McChrystal@jacksonlewis.com* |
| Joshua A. Sliker | *joshua.sliker@jacksonlewis.com* |

JACKSON LEWIS P.C.
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendants*

Dated: July 21, 2020                              _____
                                                                    Katherine Maddux